2008 ND 142

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Marcus Steven LUNDE, Defendant and Appellant.**

No. 20070159.

Supreme Court of North Dakota.

July 21, 2008.

Gary E. Euren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Lorelle A. Moeckel (argued) and Steven M. Light (on brief), Larivee & Light, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Marcus Lunde appealed from a criminal judgment entered upon his condi-tional guilty plea to possession of marijua-na with intent to deliver, possession of a controlled substance, and two counts of possession of drug paraphernalia. Be-cause we conclude the district court erred in applying the good faith exception to the exclusionary rule, we reverse and remand to allow Lunde to withdraw his guilty plea.

I

[¶ 2] In August 2006, Officer Jason Hicks of the West Fargo Police Depart-ment applied for a search warrant for Lunde's apartment in West Fargo. In support of the application, Officer Hicks submitted an affidavit detailing informa-tion he had received from other law en-forcement officials.

[¶ 3] Officer Hick's affidavit stated that on August 3, 2006, Officer Hicks spoke to Special Agent Donald Burns of the Central Minnesota Drug Task Force. Officer Hicks stated he learned that Special Agent Burns and Detective Chuck Anderson of the Clay County Sheriff's Department had spoken to a confidential informant whose name and identity were known to Burns and Anderson. The confidential informant stated that the informant had become in-volved in a drug trafficking organization in December 2005 and associated with two individuals, one who was a suspect in a large federal narcotics case in Minnesota and another known as "Slim." The affida-vit states the confidential informant later identified "Slim" from a photograph as Lunde. The confidential informant de-scribed Slim's apartment as being off the "Horace" road, now know as Sheyenne Street in West Fargo, but that the infor-mant had not been in Slim's apartment. The confidential informant had met Slim in the parking lot of Slim's building. The confidential informant stated that when the informant met with Slim, the infor-mant would transfer "money-grams re-

ceipts" from drug transactions to Slim and would on occasion collect currency from Slim for "money-gram transfer." According to the affidavit, the confidential informant was aware that Slim was involved in the wholesale selling of marijuana and methamphetamine, that the informant often collected drug debts for Slim and would return the money collected to Slim at Slim's apartment. The confidential informant also stated that the informant kept a ledger for Slim to keep track of moneys paid and owed for drug debts, commonly referred to as "pay/owe sheets."

[¶ 4] Officer Hick's affidavit also states that on August 2, 2006, Officer Hicks spoke to Detective Charles Anderson of the Clay County Sheriff's Department as Detective Anderson was attempting to identify the person known as "Slim" who lived off of "Horace" road. The affidavit states Officer Hicks knew of a person living in the area who could possibly be "Slim." Officer Hicks knew that on July 21, 2006, the West Fargo Police Department had assisted the Moorhead Police Department in attempting to locate "CJ," who was wanted on narcotics violations, and that Moorhead Police Department detective Jeff Larson had received an anonymous tip that "CJ" was staying with Lunde at the apartment in West Fargo. The affidavit states that Lunde allowed the officers to check the apartment for CJ and, further, that Lunde told the officers he had not seen CJ since Sunday, July 16.

[¶ 5] The affidavit states that on July 20, 2006, Special Agent Burns conducted an interview of a "cooperating individual," who had been "fully identified" by Special Agent Burns and who wished to remain anonymous. The affidavit states that the cooperating individual was not seeking any monetary gain or special consideration in any ongoing investigation in exchange for the information. The cooperating individual had stated that he or she had lived with a person "for a short period of time" who regularly associated with the suspect in a large federal narcotics case and two other people, one of whom was known to the cooperating individual only as "Slim from Fargo." The cooperating individual believed all the subjects were involved in trafficking controlled substances and had seen the person with whom he or she had lived in possession of a large amount of marijuana and what the individual believed to be either cocaine or methamphetamine. Officer Hick's affidavit states that Special Agent Burns "was able to verify much of the information provided by this [cooperating individual] threw [sic] independent means."

[¶ 6] The affidavit also states Special Agent Burns had "reviewed the electronic telephone book in a cellular telephone taken by [the suspect in a large federal narcotics case] at the time of his arrest." The affidavit states that there was a cell phone number for Slim. Officer Hicks's affidavit states that Special Agent Burns had reviewed telephone calls placed by the federal narcotics suspect while he was in custody at the Todd County Detention Center and that during several of these calls the suspect "was attempting to have people contact Slim and advise him of his arrest."

[¶ 7] On the basis of Officer Hicks's affidavit, the magistrate found probable cause existed and issued the search warrant for Lunde's West Fargo apartment. On August 3, 2006, Lunde was charged with various drug crimes resulting from the law enforcement officers' execution of the search warrant at his residence.

[¶ 8] In January 2007, Lunde moved the district court to suppress the evidence because the search warrant for Lunde's residence was not supported by probable cause in violation of U.S. Const. amend. IV and N.D. Const. art. I, § 8. At a February 2007 motion hearing, the district court

issued its opinion denying Lunde's motion. The court held there was no probable cause for the search warrant, but that the good faith exception applied. During the hearing, the court stated:

THE COURT: Okay. Well, as far as probable cause goes to issue a search warrant there's a lot about that that was lacking in that affidavit. There was no controlled buy, there was no garbage search, there was no views of the coming and going. No indication as to the reliability of these confidential informants. It came very much second, third, and fourth hand.

The police officers were actually in the apartment itself a week prior to the application for the search warrant. Nothing from their previous entry into that apartment was used to support probable cause for the application for the search warrant. Given that the informant was a member of the criminal milieu there was need to ascertain that these people were in fact reliable, and they were not.

So as far as that portion of the motion to suppress I will find that there is not probable cause.

Now, we're going to go on to the good faith exclusion here.... I think there is a good faith exception to the exclusionary rule on this matter. I think that there was—and he did point out those circumstances, those exceptions, to the rule. Those 4 circumstances.

Certainly there was no intention or— to give false information. The information, we don't know if it was true or false that looked like it was still observed in a neutral manner by the magistrate and there was indicia of probable cause. That on a real serious examination of the submissions of the parties and their arguments I found that there was not probable cause but there certainly was indicia in that affidavit and it was rea-

sonable for law enforcement to rely on that affidavit.

So I'm not going to apply the exclusionary rule, I'm going to deny the motion to suppress and since I have found that there was not probable cause I'm also going to deny the motion to compel the disclosure of the confidential informant because I found that there is no showing that the informant was in fact reliable.

So the motion to suppress is denied on the grounds that there was a good faith exception to the exclusionary rule.

[¶ 9] On March 16, 2007, the district court entered its order denying Lunde's motion to suppress and to compel disclosure of the state's confidential informant. In May 2007, Lunde entered a conditional guilty plea, reserving his right to appeal from the denial of his motion to suppress. *See* N.D.R.Crim.P. 11.

II

[¶ 10] Generally, in reviewing a district court's ruling on a motion to suppress, this Court defers to the district court's findings of fact and resolves conflicts and testimony in favor of affirmance. *State v. Albaugh*, 2007 ND 86, ¶ 8, 732 N.W.2d 712 (quoting *State v. Goebel*, 2007 ND 4, ¶ 11, 725 N.W.2d 578). However, "we will reverse the district court's denial of a suppression motion where the decision lacks sufficient competent evidence fairly capable of supporting its findings, and the decision is contrary to the manifest weight of the evidence." *State v. Demars*, 2007 ND 145, ¶ 7, 738 N.W.2d 486. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *Albaugh*, at ¶ 8 (internal quotation omitted).

The Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amend-

ment, *State v. Ressler*, 2005 ND 140, ¶ 10, 701 N.W.2d 915 (citation omitted), protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see also* N.D. Const. art. I, § 8. To protect against unreasonable searches and seizures, "[p]robable cause is required for a search warrant under the Fourth Amendment to the United States Constitution and Article I, Section 8 of our state constitution." *State v. Thieling*, 2000 ND 106, ¶ 7, 611 N.W.2d 861 (citing *State v. Wamre*, 1999 ND 164, ¶ 5, 599 N.W.2d 268).
*State v. Schmalz*, 2008 ND 27, ¶ 10, 744 N.W.2d 734. "Whether probable cause exists to issue a search warrant is a question of law." *State v. Ebel*, 2006 ND 212, ¶ 12, 723 N.W.2d 375; *see also State v. Hage*, 1997 ND 175, ¶ 10, 568 N.W.2d 741.

[¶ 11] "Probable cause exists when the facts and circumstances relied upon by the judge who issues the warrant would lead a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *Schmalz*, 2008 ND 27, ¶ 11, 744 N.W.2d 734 (citing *Thieling*, 2000 ND 106, ¶ 7, 611 N.W.2d 861). Thus, to establish probable cause, there must exist "a nexus between the place to be searched and the contraband sought." *Ebel*, 2006 ND 212, ¶ 13, 723 N.W.2d 375; *see also State v. Nelson*, 2005 ND 59, ¶ 17, 693 N.W.2d 910. "Mere suspicion criminal activity is taking place, which may warrant further investigation, does not rise to a level of probable cause to search." *Ebel*, at ¶ 14; *see also Thieling*, at ¶ 8. Further, while citizen informants are presumed to be a reliable source of information, *State v. Rangeloff*, 1998 ND 135, ¶ 22, 580 N.W.2d 593, the reliability of informants within the criminal milieu must be established, *State v. Stewart*, 2006 ND 39, ¶ 8, 710 N.W.2d 403. "Reliability of an informant can be established in numerous ways, such as corroboration through independent investigation, by the affiant's vouching or assertion that the informant is reliable, or by the informant giving detailed information overcoming any doubt." *Stewart*, at ¶ 8 (citations omitted).

[¶ 12] We use the totality-of-the-circumstances test to review the sufficiency of information before the magistrate, independent of the district court's decision. *Nelson*, 2005 ND 59, ¶ 16, 693 N.W.2d 910; *Hage*, 1997 ND 175, ¶ 11, 568 N.W.2d 741. In making this independent decision whether probable cause exists, "the reviewing court may not look beyond the four corners of the affidavit or application for issuance of the warrant." *Schmalz*, 2008 ND 27, ¶ 13, 744 N.W.2d 734 (citing *State v. Roth*, 2004 ND 23, ¶ 25, 674 N.W.2d 495).

[¶ 13] Here, the district court concluded that probable cause did not exist to support the issuance of the search warrant for Lunde's residence. We agree with the district court that probable cause did not support the issuance of the search warrant. However, the court denied the suppression motion concluding the good faith exception to the exclusionary rule in this case is dispositive.

### III

[¶ 14] Lunde argues that North Dakota's constitutional protection against unreasonable searches and seizures precludes recognition of the good faith exception to the state's exclusionary rule. Lunde also argues in the alternative that even if this Court were to incorporate the good faith exception to the state's exclusionary rule, the good faith exception does not apply in the present case. This Court has not decided whether North Dakota's constitution precludes a good faith exception to the state's exclusionary rule. *See*

*State v. Herrick,* 1999 ND 1, ¶ 27, 588 N.W.2d 847.

[¶ 15] Generally, evidence which is illegally seized in violation of the Fourth Amendment must be suppressed under the exclusionary rule. *See State v. Oien,* 2006 ND 138, ¶ 8, 717 N.W.2d 593; *State v. Utvick,* 2004 ND 36, ¶ 26, 675 N.W.2d 387. The United States Supreme Court recognized the good faith exception in *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Supreme Court held evidence should not be excluded when an officer has acted in good faith upon objectively reasonable reliance on the magistrate's probable cause decision. *Id.* A court applying the good faith exception must decide " 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.' " *Herrick,* 1999 ND 1, ¶ 15, 588 N.W.2d 847 (quoting *Leon,* 468 U.S. at 922 n. 23, 104 S.Ct. 3405).

[¶ 16] In *Roth v. State,* 2007 ND 112, ¶¶ 31–32, 735 N.W.2d 882, this Court recently addressed the application of good faith exception when the source of the exclusionary rule is the Fourth Amendment:

If the exclusionary rule applies when a statute or rule implicating substantive constitutional rights is violated, and the source of the exclusionary rule is the Fourth Amendment, then we must also consider the application of the good faith exception set forth in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See State v. Herrick,* 1999 ND 1, ¶ 12, 588 N.W.2d 847; *see also United States v. Maholy,* 1 F.3d 718, 721–23 (8th Cir.1993) (holding that the fruits of a nighttime search were admissible under the good faith exception, even if the search violated the Fourth Amendment). Under the good faith exception to the federal exclusion-ary rule, suppression is not the appro-priate remedy for an illegal search if an officer's reliance on the search warrant was objectively reasonable. *Utvick,* 2004 ND 36, ¶ 26, 675 N.W.2d 387. The good faith inquiry focuses upon whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. *State v. Van Beek,* 1999 ND 53, ¶ 25, 591 N.W.2d 112. However, an officer may not always reasonably rely upon the va-lidity of a search warrant issued by a magistrate. *Id.* We have recognized four specific situations when the good faith exception does not apply because the officer's reliance on the warrant is not objectively reasonable:

(1) when the issuing magistrate was misled by false information intention-ally or negligently given by the affi-ant; (2) when the magistrate totally abandoned her judicial role and failed to act in a neutral and detached man-ner; (3) *when the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unrea-sonable";* and (4) when a reasonable law enforcement officer could not rely on a facially deficient warrant.

*Herrick,* at ¶ 15 (citing *Leon,* at 923, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677). "[W]hen reviewing an officer's reli-ance upon a warrant, we must determine whether the underlying documents are devoid of factual support, not merely whether the facts they contain are legal-ly sufficient." *United States v. McKnee-ly,* 6 F.3d 1447, 1454 (10th Cir.1993) (internal quotation omitted).

(Emphasis added.)

[¶ 17] In *Herrick,* 1999 ND 1, ¶ 20, 588 N.W.2d 847, this Court, under federal precedent, applied the *Leon* good faith ex-ception to a violation of N.D.C.C. § 19–

03.1–32(3) based on a no-knock warrant issued on a per se basis. The defendant, however, also had argued that "the North Dakota Constitution recognizes greater protections than the federal constitution, and therefore the good-faith exception does not apply to a search warrant issued under state law." *Herrick*, at ¶ 21. This Court acknowledged that "[i]t is axiomatic our state constitution may provide greater protections than its federal counterpart." *Id.* at ¶ 22. But, because the issue before the Court was a statutory violation of N.D.C.C. § 19–03.1–32(3), rather than a violation of N.D. Const. art. I, § 8, we did not decide whether North Dakota provides greater state constitutional protections than the Fourth Amendment. *Herrick*, at ¶¶ 26–27. The Court thus left open the issue whether "such heightened protection would preclude a good-faith exception to North Dakota's exclusionary rule." *Id.* at ¶ 27.

[¶ 18] This Court has continued to leave this issue undecided. *See, e.g., State v. Utvick*, 2004 ND 36, ¶ 28, 675 N.W.2d 387 (noting the state constitution may provide greater protections than the Fourth Amendment, but holding federal precedent controls because a state constitutional argument was not properly raised and briefed); *State v. Dodson*, 2003 ND 187, ¶ 21, 671 N.W.2d 825 (holding defendant had not sufficiently raised an argument the state constitution precludes application of the good faith exception to the state's exclusionary rule); *State v. Van Beek*, 1999 ND 53, ¶ 26 n. 4, 591 N.W.2d 112 (holding defendant insufficiently raised state constitution violation); *State v. Hughes*, 1999 ND 24, ¶ 5, 589 N.W.2d 912 (holding federal precedent controlled appeal because defendant had not properly raised or briefed the argument that the state constitution affords greater protection than the federal constitution).

[¶ 19] Here, although the issue has been raised and briefed, we need not address whether North Dakota's constitution precludes recognition of a good faith exception to the state's exclusionary rule, because we conclude there is insufficient competent evidence to support the district court's decision that a good faith exception applies. *Cf. State v. Lewis*, 527 N.W.2d 658, 663 (N.D.1995) ("Even if we were to follow the good-faith exception, an issue we have yet to decide, . . . [t]he implication of criminal activity in this case is simply too weak and tenuous to make it objectively reasonable for the officers to rely on the warrant."); *State v. Mische*, 448 N.W.2d 415, 422 (N.D.1989) ("We continue to leave open that question [whether to adopt a good faith exception] for if the good-faith exception were to be adopted we would not apply it here."); *State v. Thompson*, 369 N.W.2d 363, 372 (N.D.1985) (explaining that even if we were to apply a good faith rule, the "affidavit was 'so lacking in indicia of probable cause,' that it was unreasonable for him to rely upon it."). The third exception to application of the good faith exception is "when the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Herrick*, 1999 ND 1, ¶ 15, 588 N.W.2d 847. We conclude a good faith exception does not apply in this case, because the search warrant was based on an affidavit lacking in probable cause indicia rendering official belief in its existence entirely unreasonable.

[¶ 20] Officer Hicks's affidavit here supplies no more than a tenuous and conclusory suggestion Lunde was involved in criminal activity. The warrant was based upon stale information from an uncorroborated confidential informant who was part of the criminal milieu. The affidavit fails to establish even a fair probability that contraband or evidence of a crime would

be found in the places identified to be searched.

[¶ 21] As the district court correctly observed in concluding probable cause did not exist, there was no independent investigation or corroboration of the confidential informants. In attempting to establish a "nexus" to Lunde's residence, Officer Hicks's affidavit is based almost entirely on the assertions of a confidential informant involved in drug trafficking since December 2005, as relayed to Officer Hicks by another law enforcement officer. However, as part of the criminal milieu, nothing appears to establish the reliability of this confidential informant.

[¶ 22] The confidential informant indicated he had not been in Lunde's apartment, but instead says they met in the parking lot. Further, in describing the confidential informant's interactions with "Slim," whom he later identified as Lunde, no time-frame was established for purposes of determining how recently the alleged transactions took place, or whether the information was stale. We have said that where information presented to a magistrate shows "conduct or activity of a 'protracted and continuous' nature, the passage of time is less important to the validity of the probable cause" and that "[d]rug dealing is intrinsically a 'protracted and continuous' activity." *Ebel*, 2006 ND 212, ¶ 15, 723 N.W.2d 375 (citing *Hage*, 1997 ND 175, ¶¶ 12–13, 568 N.W.2d 741). However, stale information of prior misconduct does not establish probable cause that similar or improper conduct continues to occur. *State v. Roth*, 2004 ND 23, ¶ 17, 674 N.W.2d 495.

[¶ 23] Here, despite asserting being involved with drug trafficking since December 2005, the confidential informant provided uncorroborated information that he would "on occasion" collect currency from Slim and "often" collected drug debts for Slim, but provided no indication how re-

cently the various transactions described in the affidavit occurred over an almost eight-month period of time. In fact, Officer Hick's affidavit indicates that Lunde allowed law enforcement to search his apartment for another individual approximately one week before the search warrant was issued. Nothing from this previous search, to which Lunde apparently consented, however, suggests probable cause existed for the subsequent search warrant.

[¶ 24] Other information Officer Hicks included in his affidavit were statements from another law enforcement officer taken from a "cooperating individual" that apparently knew people who associated with Slim. Although these statements suggest that Lunde was associated with other individuals whom the "cooperating individual" believed to be involved in drug trafficking, they do not establish or corroborate that contraband would be discovered at Lunde's residence. The warrant is a warrant to search a place not a person. *Mische*, 448 N.W.2d at 422. Simply put, as in *Mische*, while the information suggests Lunde may have been involved or associated with individuals involved in drug trafficking, there is insufficient information to establish an indicia of probable cause to search the premises indicated in the search warrant.

[¶ 25] We conclude the search warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and the district court erred in applying the *Leon* good faith exception in this case. Because we conclude the good faith exception does not apply in this case, we do not address whether North Dakota's constitutional protection against unreasonable searches and seizures precludes recognition of the good faith exception to the state's exclusionary rule.

## IV

[¶ 26] We reverse the criminal judgment and remand to the district court to permit Lunde to withdraw his conditional guilty plea.

[¶ 27] CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 28] Because I would affirm the trial court in denying the motion to suppress evidence, I respectfully dissent.

[¶ 29] The trial court concluded the search warrant was not supported by probable cause, but concluded the results of the search should not be suppressed, because law enforcement relied on the warrant in good faith.

[¶ 30] On appeal, Lunde argues, primarily, there should be no good-faith exception under the North Dakota Constitution and, secondarily, if there is a good-faith exception under the North Dakota Constitution, there was no good-faith reliance on the warrant by law enforcement. The State argues there is or should be a good-faith exception under the North Dakota Constitution, and there was clearly good faith in law enforcement's reliance on this search warrant.

[¶ 31] The majority says it need not decide whether there is a good-faith exception under the North Dakota Constitution, because no reasonable officer could have believed there was probable cause for the issuance of the warrant.

[¶ 32] I believe, on the basis of the evidence presented in the affidavit, there was probable cause; there is a good-faith exception under the North Dakota Constitution; and, if there was not probable cause for the issuance of the search warrant, there was substantial indicia of probable cause and good-faith reliance on the warrant by law enforcement.

[¶ 33] I have previously explained the basis for rejecting the claim that there is no good-faith exception under the North Dakota Constitution. *See, e.g., State v. Herrick*, 1999 ND 1, ¶¶ 32–37, 588 N.W.2d 847 (Sandstrom, J., concurring).

[¶ 34] Here the record reflects that a confidential informant had ongoing drug-related business outside Lunde's apartment. An additional cooperating individual provided corroboration of the involvement of Lunde, the confidential informant, and Glen Forehand, who had been arrested for drug trafficking. Lunde's phone number was on Forehand's cell phone at the time of his arrest, and Forehand sought to alert Lunde following Forehand's arrest.

[¶ 35] The majority asserts that it is not known whether evidence provided by the confidential informant was "stale," but we have said that when information presented to a magistrate shows "conduct or activity of a 'protracted and continuous' nature, the passage of time is less important to the validity of the probable cause" and that "[d]rug dealing is intrinsically a 'protracted and continuous' activity." *State v. Ebel*, 2006 ND 212, ¶ 15, 723 N.W.2d 375 (citing *State v. Hage*, 1997 ND 175, ¶¶ 12–13, 568 N.W.2d 741). The evidence present to the magistrate here was of conduct and activity of a protracted and continuous nature.

[¶ 36] The majority further premises its analysis on the erroneous view of the law that every relevant detail provided by the confidential informant must be corroborated. *See State v. Birk*, 484 N.W.2d 834, 837 (N.D.1992) ("[W]hen law enforcement officers have verified part of the informant's information by independent investigation, the corroboration lends credence to the remaining unverified information.").

[¶ 37] It overreaches the record to suggest law enforcement had previously

"searched" Lunde's apartment "apparently" with his consent. The affidavit states, "Marcus [Lunde] *allowed* officers to *check* the apartment for 'CJ' and Lunde also told officers he had not seen 'CJ' since Sunday July 16th." It seems illogical to think Lunde would have allowed law enforcement to look in his apartment to see whether "CJ" was present if his drugs, drug paraphernalia, or other incriminating evidence was in plain sight.

[¶ 38] Law enforcement acted reasonably and in good faith. I would affirm.

[¶ 39] Dale V. Sandstrom

CROTHERS, Justice, dissenting.

[¶ 40] I respectfully dissent.

[¶ 41] I believe a good-faith exception to the exclusionary rule exists under the North Dakota Constitution for the reason articulated by Justice Sandstrom in *State v. Herrick,* 1999 ND 1, ¶¶ 32–37, 588 N.W.2d 847 (Sandstrom, J., concurring). I would affirm the district court's judgment based on that court's analysis and determination that probable cause was lacking but that the good-faith exception applied. *See* Majority Opinion at ¶ 8. However, I do not join Justice Sandstrom's dissent today because I disagree the search in this case was supported by probable cause. *See* Sandstrom, J., dissenting at ¶ 32.

[¶ 42] Daniel J. Crothers