2011 ND 48

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Daryl Gene JOHNSON, Defendant and Appellant.**

Nos. 20100240, 20100241, 20100242.

Supreme Court of North Dakota.

March 22, 2011.

Rehearing Denied April 12, 2011.

Ronald W. McBeth (submitted on brief), Assistant State's Attorney, Wahpeton, ND, for plaintiff and appellee.

Steven M. Light (argued), Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Daryl G. Johnson appeals the district court's judgment entered after his conditional plea of guilty to the charges of possession of a controlled substance, manufacture of a controlled substance and possession of drug paraphernalia.   Johnson argues that the warrant issued to search his residence and other property was not supported by probable cause and that the evidence seized during the search must be suppressed.   We affirm.

I

[¶ 2]   On March 24, 2010, law enforcement executed a search warrant for Johnson's residence and vehicle.   During the search, law enforcement found drug paraphernalia, items associated with a metham-

phetamine lab and methamphetamine. The search warrant was obtained based on evidence provided at the search warrant application hearing held on March 24, 2010.

[¶ 3] At the hearing, Christopher Karlgaard, a peace officer with the Southeast Multi–County Agency Drug Task Force, testified about his investigation of Johnson. Karlgaard explained law enforcement received a warrant to search Brooke Kieffer's residence a week before the hearing. On March 23, 2010, law enforcement executed the warrant for Kieffer's residence, finding marijuana, paraphernalia for marijuana and methamphetamine paraphernalia and also finding a methamphetamine syringe on Kieffer. Karlgaard interviewed Kieffer, and she told him she used the syringe to inject methamphetamine Johnson provided at his residence on March 22 and 23, 2010. Karlgaard also observed needle marks on Kieffer's arms.

[¶ 4] Karlgaard testified he performed surveillance on Kieffer on March 23, 2010, seeing Kieffer spending time with Johnson, seeing Kieffer and Johnson enter and exit Johnson's residence, at one point spending forty-five minutes inside his residence, seeing Kieffer and Johnson enter Johnson's vehicle and seeing Kieffer and Johnson enter Kieffer's vehicle.

[¶ 5] Karlgaard stated that the drug task force has been gathering information about Johnson for four or five years and that many known drug users were associated with Johnson and were observed going to Johnson's house. A confidential informant completed a controlled buy at Johnson's home in 2008. The buy was monitored, but during the buy, a loud noise prevented law enforcement from hearing the confidential informant and Johnson's conversation. The informant came out of Johnson's house with one gram of methamphetamine. The informant stated the noise was from Johnson turning on a vacuum cleaner. The confidential informant stated Johnson was paranoid and checked him for a wiretap.

[¶ 6] Karlgaard testified a cigarette package containing a meth pipe and two small baggies of methamphetamine was found in Johnson's neighbor's yard. The neighbor who called police about the cigarette package suspected it belonged to Johnson or to one of Johnson's friends, but Karlgaard had little evidence that was true. The district court found probable cause existed to issue the search warrant for Johnson's residence, vehicle and shed.

[¶ 7] Based on the evidence found during a search of Johnson's residence, on March 29, 2010, Johnson was arrested and charged with possession of a controlled substance with intent to deliver, manufacture of a controlled substance, possession of drug paraphernalia, possession of marijuana and possession of marijuana drug paraphernalia. Johnson pled not guilty and moved to suppress the evidence found in his residence and in his vehicle. The State opposed the motion. The district court denied Johnson's motion to suppress, and Johnson entered a conditional guilty plea to possession of a controlled substance, manufacture of a controlled substance and possession of drug paraphernalia. The district court entered judgment based on Johnson's guilty plea. Johnson appealed.

II

[¶ 8] Johnson argues the district court erred by not suppressing the evidence obtained during the search because the search warrant was not supported by probable cause. The State claims the district court properly concluded the search warrant was supported by probable cause. We agree with the State.

[¶ 9] "A district court's decision to deny a motion to suppress 'will not be reversed [on appeal] if there is sufficient competent evidence capable of supporting the district court's findings, and ... if its decision is not contrary to the manifest weight of the evidence.'" *State v. Poitra*, 2010 ND 137, ¶ 13, 785 N.W.2d 225 (quoting *State v. Scholes*, 2008 ND 146, ¶ 7, 753 N.W.2d 377). "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *State v. Lunde*, 2008 ND 142, ¶ 10, 752 N.W.2d 630 (quoting *State v. Albaugh*, 2007 ND 86, ¶ 8, 732 N.W.2d 712). "The determination of whether probable cause exists to issue a search warrant is a question of law." *State v. Schmalz*, 2008 ND 27, ¶ 12, 744 N.W.2d 734.

[¶ 10] The Fourth Amendment of the United States Constitution and Article I, section 8 of the North Dakota Constitution protect against unreasonable searches and seizures. *See Scholes*, 2008 ND 146, ¶ 8, 753 N.W.2d 377. "A search warrant may be issued only upon a showing of probable cause." *Id.* "Probable cause exists 'if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband ... will be found in the place to be searched.'" *State v. Kieper*, 2008 ND 65, ¶ 7, 747 N.W.2d 497 (quoting *State v. Nelson*, 2005 ND 59, ¶ 3, 693 N.W.2d 910). "The standard of proof necessary to establish guilt at trial is not necessary to establish probable cause." *State v. Ebel*, 2006 ND 212, ¶ 12, 723 N.W.2d 375 (quoting *State v. Ballweg*, 2003 ND 153, ¶ 18, 670 N.W.2d 490). This Court "defer[s] to a [district court's] determination of probable cause so long as a substantial basis for the conclusion exists." *Kieper*, at ¶ 6 (quoting *Ebel*, at ¶ 12). "[M]arginal cases [are decided] in favor of the [district court's] determination." *Kieper*, at ¶ 6 (quoting *Ebel*, at ¶ 12).

[¶ 11] The district court found the search warrant was supported by probable cause based on Karlgaard's testimony about his observations and about the information Kieffer provided to him. Johnson asserts no probable cause existed for the search warrant for his residence because Kieffer's reliability was not established. When an informant is a member of the criminal milieu the informant's reliability must be established. *See Lunde*, 2008 ND 142, ¶ 11, 752 N.W.2d 630. The "[r]eliability of an informant can be established in numerous ways, such as corroboration through independent investigation, by affiant's vouching or assertion that the information is reliable, or by the informant giving detailed information overcoming any doubt." *Id.* (quoting *State v. Stewart*, 2006 ND 39, ¶ 8, 710 N.W.2d 403). The district court found Kieffer's credibility was established through Karlgaard's observations, stating:

"Concerning [Kieffer], her 'basis of knowledge' and 'veracity' were corroborated by the same evidence, specifically, confirmation of [Kieffer's] basis of knowledge of her statements and their truthfulness by law enforcement agent seeing her going inside the residence to be searched and seeing Mr. Johnson with [Kieffer] at [Kieffer's] residence."

Johnson argues Karlgaard's observations do not establish Kieffer's reliability because the conduct Karlgaard observed involves only details easily visible to the public. "Credibility cannot be established by the use of 'easily obtainable facts and conditions existing at the time of the tip.'" *State v. Donovan*, 2004 ND 201, ¶ 10, 688 N.W.2d 646 (quoting *State v. Thompson*, 369 N.W.2d 363, 370 (N.D.1985)).

[¶ 12] Here, Kieffer stated she used methamphetamine at Johnson's

house. Karlgaard saw Kieffer at Johnson's residence at the time Kieffer said she used drugs there. Karlgaard made this observation prior to Kieffer making her statement. Karlgaard also saw needle marks on Kieffer's arms. Kieffer's statements were sufficiently corroborated by Karlgaard's observations. Probable cause exists if "it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Roth*, 2004 ND 23, ¶ 7, 674 N.W.2d 495 (quoting *State v. Ringquist*, 433 N.W.2d 207, 212 (N.D. 1988)). We conclude the search warrant was supported by probable cause based on Kieffer's statements and Karlgaard's observations.

[¶ 13] Johnson argues the search warrant application contains improper stale information. "An application for a warrant that is based upon stale information of previous misconduct is insufficient because it does not establish probable cause that similar or other improper conduct is continuing to occur." *State v. Guthmiller*, 2002 ND 116, ¶ 18, 646 N.W.2d 724 (quoting *Ringquist*, 433 N.W.2d at 213). We have explained, "Staleness is determined after reviewing the particular facts of each case, and 'passage of time may be unimportant to the validity of probable cause when the course of conduct is of a protracted or continuous nature.'" *Roth*, 2004 ND 23, ¶ 17, 674 N.W.2d 495 (quoting *State v. Damron*, 1998 ND 71, ¶ 17, 575 N.W.2d 912). This Court has recognized that drug use and trafficking can be continuous in nature. *See Roth*, at ¶ 17.

[¶ 14] While considering the controlled buy in 2008 the district court stated:

"While that evidence itself is not fresh and would not by itself provide probable cause, when taken together with the very recent activity at the house observed by the officers and the—seemingly credible statements of Brooke Kieffer which were self incriminating as to the activities at the Daryl Johnson house, the 2008 controlled buy does provide additional support for the search warrant as requested."

[¶ 15] The district court's analysis indicates it properly considered the 2008 controlled buy as one of the layers to the probable cause and did not base the probable cause determination solely on the 2008 information. *See Damron*, 1998 ND 71, ¶ 7, 575 N.W.2d 912 ("[P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers ... which is not weighed in individual layers but in the 'laminated' total.") (quotations omitted). The district court did not err by concluding the warrant was not improperly supported by stale information.

[¶ 16] Johnson asserts probable cause did not exist to issue a search warrant for his vehicle. The record shows the evidence at issue was found in Johnson's residence. The record does not establish Johnson's vehicle was searched or Johnson was prejudiced. *See State v. Runck*, 534 N.W.2d 829, 832 (N.D.1995) (leaving undated and unsigned copy of warrant on property to be searched did not require suppression of evidence seized, absent showing that defendant was prejudiced). Given this record, we decline to decide this issue because any decision would be advisory. *See Seiler v. N.D. Dep't of Human Servs.*, 2010 ND 55, ¶ 7, 780 N.W.2d 653 ("[W]e are constitutionally prohibited from issuing advisory opinions.").

[¶ 17] The record shows a search warrant was issued for Johnson's shed. We do not reach this issue because it was

not raised below and was not briefed on appeal. *See State v. Egan,* 1999 ND 59, ¶ 22, 591 N.W.2d 150 ("[Defendant] did not raise this issue at trial, and we decline to address it on appeal.").

### III

[¶ 18]   The district court's judgment entered after Johnson's conditional guilty plea is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.