2006 ND 39

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Reed James STEWART, Defendant and Appellant.**

Nos. 20050079, 20050080, 20050081, 20050082, 20050083, 20050084, 20050085, 20050086.

Supreme Court of North Dakota.

Feb. 23, 2006.

Kevin B. Spaeth, Grand Forks, N.D., for defendant and appellant.

Sarah Elizabeth Cannon, Assistant State's Attorney, Grafton, N.D., for plaintiff and appellee.

CROTHERS, Justice.

[¶ 1] Reed James Stewart appeals from criminal judgments entered after a jury found him guilty of felony possession of methamphetamine with intent to distribute, two counts of felony possession of stolen property, two counts of felony possession of drug paraphernalia, two counts of felony possession of prescription drugs with intent to deliver, and misdemeanor possession of drug paraphernalia. We affirm the district court's judgments.

## I

[¶ 2] Stewart was suspected of numerous crimes involving methamphetamine. The district court issued a search warrant after police obtained information from four criminal informants and conducted surveillance on Stewart's property. All four informants were members of the "criminal milieu," meaning they are themselves criminals or keep the company of criminals. Surveillance revealed suspicious visits from seven or eight vehicles per night, but no criminal activity was directly observed. The warrant authorized the officers to search Stewart's home and the interior of his shop, Reed's Midwest Auto.

[¶ 3] During execution of the search warrant, one officer's plain sight viewing of two vehicles on Stewart's property revealed a "Coleman can," paper towels, and a propane tank with a new valve, all possible instruments in the manufacture of methamphetamine. Inside the shop, another officer saw a number of tools matching the descriptions of those on inventory lists from recent burglaries. Following these observations, officers sought to expand their search and applied by telephone for the second warrant. The district court issued a warrant, authorizing the officers to search Stewart's auto shop, including approximately 200 "junked" vehicles on his property, for a variety of items not identified specifically, including controlled substances, drug paraphernalia, monies derived from drug transactions, records pertaining to drug trafficking, and stolen property from Walsh and Grand Forks counties.

[¶ 4] During Stewart's trial, testimony was admitted from a witness concerning his prior dealings with Stewart involving stolen property. Although Stewart was given a transcript of an interview with the witness, he was not specifically notified of the State's intent to admit such prior bad acts testimony. He timely objected.

[¶ 5] Stewart argues insufficient probable cause existed to execute the first search warrant, the second search warrant was over-broad and unspecific, and the prior bad acts testimony should have been excluded from trial.

## II

[¶ 6] Whether probable cause exists is a question of law. *State v. Metzner*, 338 N.W.2d 799, 804 (N.D.1983). Whether a search warrant was supported by probable cause is reviewed by this Court using the "totality of the circumstances" approach, making an assessment independent of the trial court's determination. *State v. Hage*, 1997 ND 175, ¶ 11, 568 N.W.2d 741. We defer to a magistrate's determination of probable cause so long as a substantial basis for the conclusion exists, and we resolve doubtful or marginal cases in favor of the magistrate's determination. *State v. Donovan*, 2004 ND 201, ¶ 6, 688 N.W.2d 646; *State v. Ochoa*, 2004 ND 43, ¶ 7, 675 N.W.2d 161; *State v. Roth*, 2004 ND 23, ¶ 6, 674 N.W.2d 495; *State v. Dodson*, 2003 ND 187, ¶ 10, 671 N.W.2d 825; *State v. Ballweg*, 2003 ND 153, ¶ 12, 670 N.W.2d 490.

[¶ 7] Stewart argues the first warrant was not supported by probable cause because the informants, as part of the "criminal milieu," were inherently unreliable and the police surveillance failed to reveal any criminal activity. We conclude these informants' reliability was established and their statements, combined with the officers' surveillance, provided adequate probable cause for the first search warrant to be issued.

[¶ 8] "[T]here would probably be few search warrants issued if the information had to come only from saints." *State v. Dahl*, 440 N.W.2d 716, 720 (N.D.1989).

However, the reliability of informants within the criminal milieu must be established. *See id.* at 718. Reliability of an informant can be established numerous ways, such as corroboration through independent investigation, *see State v. Ochoa,* 2004 ND 43, ¶ 13, 675 N.W.2d 161, by the affiant's vouching or assertion that the informant is reliable, *see State v. Roth,* 2004 ND 23, ¶ 15, 674 N.W.2d 495, or by the informant giving detailed information overcoming any doubt, *see State v. Holzer,* 2003 ND 19, ¶ 14, 656 N.W.2d 686. Here, all four informants gave detailed, firsthand information, much of which was internally corroborated.

[¶ 9] Additionally, the district court's consideration of the police officers' surveillance testimony was reasonable in establishing probable cause. Although the officers did not see any crimes being committed, testimony of suspicious activity is relevant in establishing probable cause because an issuing judge or magistrate may consider "inferences and deductions that a trained and experienced officer makes." *State v. Thieling,* 2000 ND 106, ¶ 8, 611 N.W.2d 861 (quoting *State v. Mische,* 448 N.W.2d 415, 419 (N.D.1989)).

[¶ 10] Viewing the "totality of the circumstances" and deferring to the district court, we conclude the statements of the criminal informants plus the trained officers' deductions from the surveillance yielded probable cause for the first search warrant.

### III

[¶ 11] A search warrant must describe with particularity the places to be searched and items to be seized. N.D. Const. art. I, § 8. Though this requirement is set forth to prevent "exploratory rummaging," the degree of particularity required remains flexible. *State v. Dallmann,* 441 N.W.2d 912, 914 (N.D.1989).

Whether a warrant is sufficiently particular depends upon the surrounding circumstances, including the purpose of the warrant, the crime involved, the place to be searched, and the nature of the items sought. *Id.*

[¶ 12] Here, the second warrant was sought to search approximately 200 "junked" vehicles on Stewart's property after a plain sight viewing of two vehicles revealed items potentially related to the manufacture of methamphetamine. Additionally, after the initial search of Stewart's shop revealed numerous tools matching the description of some stolen in recent burglaries, officers sought permission to seize such items. Stewart argues the warrant was over-broad in the area it authorized the officers to search—specifically, all vehicles on his property. He also argues the warrant was over-broad in the items it authorized the officers to seize—authorizing seizure of "stolen property from the Walsh and Grand Forks counties" rather than listing specific items.

[¶ 13] Although Stewart is correct that warrants based on what officers "may" find rather than on probable cause are invalid, we do not find that the warrant issued in this case involved such a vague and improper search and seizure authorization.

[¶ 14] The flexible particularity requirement allows an issuing judge or magistrate to consider the circumstances at hand. *Dallmann,* 441 N.W.2d at 914. Here, the search was of a business premises and vehicles—most "junked" or immobile—located there. There was no risk of confusion over which vehicles were to be searched or whether vehicles would have come and gone in the meantime, as the search under the first warrant was simultaneously occurring. Additionally, although the prohibition on unreasonable searches and seizures extends to business

premises, the expectation of privacy on commercial premises is less than the expectation in an individual's home. *New York v. Burger*, 482 U.S. 691, 699–700, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). We find the district court did not err in concluding a search of the entire business premises including the vehicles thereon was reasonable and supported by probable cause.

[¶ 15] Though Stewart is correct that "property stolen from the Walsh and Grand Forks counties" gives no indication to an ignorant party what property is to be seized, we do not find the warrant to be fatally unspecific. The officers here were not ignorant parties. Those seeking the warrant had a detailed list of the stolen property and, in fact, offered to fax the list to the issuing judge. *See Dallmann*, 441 N.W.2d at 918 (finding when officers have special knowledge concerning the property sought, a lesser likelihood exists that officers would exceed the scope of a search or seize the wrong property). The warrant and its execution, therefore, were reasonable and proper, and we affirm the decision of the district court.

## IV

[¶ 16] Rule 404(b), N.D.R.Ev., requires the State to provide notice of its intention to admit prior bad acts testimony. Testimony involving Stewart's prior dealings with stolen property was admitted at trial without specific, written notice. The State argues its "open file" discovery agreement with Stewart, which included submission of an interview transcript with the witness who ultimately provided the bad acts testimony, constituted notice under Rule 404(b). We reject the suggestion that a clear requirement of "notice" can be satisfied through means such as open file agreements.

[¶ 17] Although the State failed to satisfy the Rule 404(b) notice requirement, error under this rule is subject to a harmless error analysis. *State v. Thompson*, 552 N.W.2d 386, 390 (N.D.1996). That is, reversal of a conviction is warranted only if the admitted testimony is "so prejudicial that substantial injury occurred" and absent the error "a different decision would have resulted." *Id.* (quoting *State v. Eugene*, 536 N.W.2d 692, 696 (N.D.1995)). Ample evidence and testimony existed to support the conclusion that Stewart knew he was dealing with stolen property. Therefore, despite the State's failure to properly notify Stewart, error was harmless and we affirm the decision of the district court.

## V

[¶ 18] The criminal judgments entered by the district court are affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.