2013 ND 130

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Angela Louise DIETERLE, Defendant and Appellant.**

**No. 20120372.**

Supreme Court of North Dakota.

July 18, 2013.

Ladd Ronald Erickson, State's Attorney, Washburn, ND, for plaintiff and appellee; submitted on brief.

Jesse Nathan Lange, Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Angela L. Dieterle appeals a district court judgment after a bench trial found her guilty of simple assault.  She argues the district court abused its discretion by admitting evidence of prior bad acts.  We affirm.

I

[¶ 2]   On July 23, 2011, Dieterle was arrested for simple assault.  The State alleged she willfully caused bodily injury to another person by biting and striking her husband.  On November 16, 2011, Dieterle gave notice of intent to claim self-defense at trial by requesting self-defense jury instructions.  Eric Hetland was prosecuting the case and responded to the self-defense claim by giving notice of a number of witnesses who would testify to prior bad acts under N.D.R.Ev. 404(b).  The case was set for trial on December 1, 2011, but was continued due to the timing of the 404(b) notice.  Dieterle subsequently filed a motion requesting that Hetland be replaced as prosecutor due to a potential conflict of interest and asking the court to

consider the admissibility of the State's proposed 404(b) evidence.

[¶ 3] Hetland did not object to being replaced as the prosecutor, and the court granted the motion to assign a new prosecutor. Trial was continued again because Hetland's successor was not known. Regarding the motion on the State's 404(b) evidence, Dieterle agreed the motion would be denied without prejudice and that the motion could be renewed if the new prosecutor wanted to introduce evidence under N.D.R.Ev. 404(b). Dieterle waived her right to a jury trial, and the evidentiary issue was not revisited prior to the bench trial. The district court found Dieterle guilty of simple assault and sentenced her to ten days in jail, six days suspended, with credit earned for four days served and to one year of unsupervised probation.

## II

■ [¶ 4] Dieterle argues the district court erred by overruling her objections to evidence regarding prior requests for protection orders against her male partners and prior instances of her coaching her children to falsely testify. The grounds for Dieterle's objections were that the evidence violated N.D.R.Ev. 404(b). The State now argues N.D.R.Ev. 404(b) does not apply because the State's cross-examination was intended to impeach Dieterle. At trial, the State argued and the district court agreed that the objected to evidence was admissible to show motive.

[¶ 5] The State's questions regarding her prior requests for protection orders against previous male partners and prior instances of coaching her children to falsely testify included the following:

"Q. MR. ERICKSON: You've had 15 years more life experience basically than Shannon when he met you?

A. Yes.

Q. And Shannon is in fact about the 6th guy in a row according to the testimony—

MR. MORROW: Here again, your Honor, I'm still going to object. I think we are getting into 404 B evidence and we already discussed and the State indicated they were not going to call any 404 B evidence.

MR. ERICKSON: I didn't even ask my question.

THE COURT: You may finish your question.

MR. ERICKSON: Ma'am, Shannon is the 6th guy in a row that you requested a protection order or alleged domestic violence with the police; isn't that true?

MR. MORROW: Now, I'll make the objection.

MR. ERICKSON: I'm going to go as to motive, your Honor.

THE COURT: I'm going to overrule the objection as to motive.

Q. MR. ERICKSON: Ma'am?

A. I'm sorry. I got lost.

Q. Okay. Just so you know, I've read all this divorce stuff. I've read all these things. I've seen what you testified to. Shannon is number six in succession of guys that end the relationship with you getting protection orders and claiming they committed domestic violence?

A. There's been a couple. I guess I don't know that there's been six. That seems extreme.

. . . .

"[Q.] Now, ma'am, during this proceeding of this divorce action, which we're not going to get into, you've been caught many times coaching your children to make up stories against Shannon?

MR. MORROW: Objection, your Honor. I think he's getting into what he said he wasn't going to get into with the divorce.

MR. ERICKSON: Fabricating for their witnesses, coaching, that is relevant to this proceeding.

THE COURT: I'm going [to] overrule that. We're not going to get into the facts. We're going to get into the actions.

Q. MR. ERICKSON: Ma'am, that's true isn't it?"

■■■ [¶ 6] "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Doppler*, 2013 ND 54, ¶ 7, 828 N.W.2d 502 (quotation omitted). "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *Id.* (quotation omitted).

[¶ 7] Rule 404(b), N.D.R.Ev., states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

The State concedes notice was not provided but argues N.D.R.Ev. 404(b) is inapplicable where testimony is elicited for impeachment of the defendant during cross-examination.

[¶ 8] Evidence of Dieterle's prior protection orders was admitted to show motive. The basis for admitting evidence relating to Dieterle coaching her children is unclear. On appeal the State asserts without citation to authority that notice under Rule 404(b) was not required because this cross-examination was impeachment:

"What seems apparent from the defendant's brief is she confuses her impeachment while being cross examined, with the state proffering Rule 404(b) in its own case. Those things are apples and oranges. The state was forced to impeach the defendant's creditability [SIC] in front of the judge and because the defendant felt the need to fabricate claims of victimhood and self defense and coach her children to do the same."

■ [¶ 9] It is well established that objections not raised in the district court are waived. *State v. Tresenriter*, 2012 ND 240, ¶ 9, 823 N.W.2d 774. A corollary is that issues on appeal are limited to those asserted in the district court. *State v. Hammer*, 2010 ND 152, ¶ 21, 787 N.W.2d 716. *See also State v. Anderson*, 2003 ND 30, ¶ 6, 657 N.W.2d 245 (quoting *State v. Osier*, 1999 ND 28, ¶ 14, 590 N.W.2d 205) (" 'One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it.' Under N.D.R.Ev.103(a)(1), '[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]' ").

[¶ 10] Use of character evidence to prove motive is one of the grounds expressly recognized in N.D.R.Ev. 404(b). Less clear is whether impeachment evidence is subject to the "reasonable notice in advance of trial" requirement of the rule. *See* 22A Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5240, at 299 (2012) ("An-

other common law category of permissible use of other crimes that is not listed in Rule 404(b) is impeachment."); § 5248, at 346 ("The list of exceptions in Rule 404(b) does not include all of those that were recognized at common law. Courts have also recognized exceptions for corroboration or impeachment of testimony, for rebuttal of an entrapment defense, for proof of guilty knowledge through evidence of spoliation, for conspiracy cases, as well as others."); *United States v. Bradley,* 644 F.3d 1213, 1273 (11th Cir.2011) (holding Rule 404(b) applies to impeachment evidence).

[¶ 11] Assuming only for purposes of discussion that evidence of Dieterle obtaining protection orders against former partners and coaching her children are "wrongs or acts" invoking application of N.D.R.Ev. 404(b)—whether as evidence of motive or for impeachment—other evidentiary considerations require attention. This Court has noted:

"Rule 404(b), N.D.R.Ev., outlines the general rule that evidence of other crimes, wrongs, or acts is not admissible to show a person acted in conformity therewith, but allows admission of evidence of other crimes, wrongs, or acts for other purposes. . . .

. . . .

"The rule excludes admission of evidence of prior acts or crimes unless the evidence is substantially relevant for some purpose other than to show a person's criminal character and that the person acted in conformity with that character. The rule recognizes the inherent prejudicial effect prior bad-act evidence may have on the trier of fact and limits the admissibility of that evidence to specifically recognized exceptions.

"In considering evidence of other prior crimes, wrongs or bad acts, the mere invocation of an exception does not end the inquiry; rather, our decisions consistently have recognized that a district court must apply a three-step analysis to determine whether the evidence is admissible:

"'1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.'"

*State v. Aabrekke,* 2011 ND 131, ¶¶ 8–9, 800 N.W.2d 284 (quotation and citations omitted). Here, even if the evidence might otherwise have been admissible, the district court erred by not making a record that it engaged in the required analysis and balancing.

[¶ 12] However, "error under this rule is subject to a harmless error analysis." *State v. Stewart,* 2006 ND 39, ¶ 17, 710 N.W.2d 403. "Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." N.D.R.Crim.P. 52(a). "[R]eversal of a conviction is warranted only if the admitted testimony is 'so prejudicial that substantial injury occurred' and absent the error 'a different decision would have resulted.'" *Stewart,* at ¶ 17 (quotation omitted). Neither line of questions affected Dieterle's substantial rights. The first line of questions regarding Dieterle's prior protection orders has a tenuous connection to either the State's charges or Dieterle's claim of self-defense. Similarly, the second line of questions regarding Dieterle's coaching her children's testimony may have reduced their credibility, but the

State already impeached the children during its cross-examination of them.

[¶ 13] In *Stewart*, the defendant was convicted of felony possession of stolen property. 2006 ND 39, ¶ 1, 710 N.W.2d 403. On appeal, he argued he was not properly notified of the State's intent to admit evidence of prior bad acts. *Id.* at ¶ 4. We held that although the State failed to satisfy the notice requirement of N.D.R.Ev. 404(b), the error was harmless because sufficient evidence and testimony supported the conclusion the defendant knew he was dealing with stolen property independent of the evidence of the prior bad acts. *Stewart*, at ¶ 17. As in *Stewart*, ample evidence exists supporting the conclusion Dieterle "[w]illfully cause[d] bodily injury to another human being" independent of the evidence of the prior bad acts. N.D.C.C. § 12.1–17–01(1)(a). Therefore, the error was harmless, and we affirm the district court judgment.

### III

[¶ 14] The district court judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.