2017 ND 134

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Harold Dean SHICK, Defendant and Appellant**

No. 20160298

Supreme Court of North Dakota.

Filed 6/7/2017

Stephenie L. Davis, Assistant State's Attorney, Watford City, N.D., for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, N.D., for defendant and appellant; submitted on brief.

McEvers, Justice.

[¶ 1] Harold Shick appeals a district court's judgment entered after a jury convicted him of terrorizing, reckless endangerment, felonious restraint, possession of a controlled substance, and possession of drug paraphernalia. We conclude the district court did not abuse its discretion in denying Shick's motion for a mistrial, and there is sufficient evidence to sustain the jury's verdict. We therefore affirm.

I

[¶ 2] On May 23, 2015, Skyler Seimears and Rusian Volochanskiy went to Shick's residence with a trailer to retrieve furniture and other equipment that belonged to Aster Electric. At that time, Seimears and Volochanskiy were employees of Aster Electric. Seimears and Volochanskiy drove

a company truck to Shick's residence. Shick was home when Seimears and Volochanskiy arrived at his residence. According to Seimears, Shick became angry when Seimears told him they were there to retrieve company property. Shick claimed the company truck Seimears drove to Shick's residence belonged to him and it was not going to leave his sight. Shick then went to his pickup, grabbed a pistol, and "loaded it." Seimears claimed Shick told Volochanskiy and him not to leave while pointing the pistol at them. Shick attempted to take the keys to the company truck while holding the gun on Seimears and Volochanskiy. At that time, Seimears called "his boss" and had him talk to Shick to try and calm Shick down. After talking to Seimears' boss, Shick began walking back toward his house while still holding the pistol. Seimears started the company truck and "made a quick escape." Seimears testified he heard shots as he drove away. However, Shick claims he did not fire the pistol, there was no damage to the company truck, and there were no spent shell casings found.

[¶ 3] Seimears and Volochanskiy drove to the McKenzie County Sheriff's Office and told Sergeant Kyle Giersdorf about their encounter with Shick. Giersdorf, Northwest Narcotics Task Force Agent Michael Mees, and several other members of the McKenzie County Sheriff's Office went to Shick's residence. When law enforcement arrived, Shick invited them into his residence and consented to a search of his home. Law enforcement detained Shick and read him his Miranda rights. Based on Shick's consent to search his home, Mees searched a backpack that was located in Shick's room. Mees found methamphetamine, multiple items of drug paraphernalia, and an unspent .380 round in the backpack.

[¶ 4] After law enforcement searched Shick's residence, Shick gave them consent to search his motorcycle, but not his pickup. Mees advised Shick that they would tow the pickup, obtain a search warrant, and search the pickup. Law enforcement called the tow truck for an "impound evidence seizure tow." After the tow truck arrived, Shick told Mees he could search the pickup if Mees agreed not to tow it. Mees told Shick he had no need to tow his pickup if they could search it at his residence with his consent. Shick consented to the search. Inside the pickup, Mees found a glass smoking device with white residue and a small plastic bag with white residue. Mees also found a lockbox with a pistol, ammunition, and loaded magazines. On May 27, 2015, the State charged Shick with terrorizing, reckless endangerment, felonious restraint, possession of a firearm by a felon, possession of a controlled substance, and possession of drug paraphernalia.

[¶ 5] Prior to trial, Shick moved to suppress evidence obtained from the search of his pickup. Shick argued law enforcement violated his Fourth Amendment rights by coercing him into consenting to the search of his pickup. According to Shick, towing his pickup would have resulted in financial hardship. Shick claimed he only consented to the search of his pickup after law enforcement threatened to tow it if he did not consent. The district court found Shick's consent was voluntary. The court relied on *State v. Hansen*, 138 Idaho 791, 69 P.3d 1052, 1057 (2003), concluding "when the Defendant offers the consent to search in lieu of towing and impounding the vehicle, the consent is voluntary."

[¶ 6] After the State rested, Shick moved for both a judgment of acquittal and a mistrial. In his motion for a judgment of acquittal, Shick argued the complaint included the names of both Seimears and

Volochanskiy but only Seimears testified at trial. Shick claimed the State had to prove the offenses were committed against both victims, Volochanskiy did not testify and, therefore, the State failed to meet its burden. However, Shick did not dispute Seimears' testimony that Volochanskiy was present when Shick pointed a pistol at Seimears. The district court determined the language in question was either surplusage under N.D.R.Crim.P. 7(d), or the State could amend its information under N.D.R.Crim.P. 7(e) and denied Shick's motion for a judgment of acquittal. In his motion for a mistrial, Shick renewed arguments made in his pretrial motion to suppress evidence. The court denied Shick's motion for a mistrial for the same reasons stated in its order denying Shick's pretrial motion to suppress evidence. After Shick concluded his argument but before the case went to the jury, the State moved to amend its information to strike the words "and Volochanskiy." The State also moved to dismiss the charge of possession of a firearm by a felon. The district court granted both motions. The jury convicted Shick of terrorizing, reckless endangerment, felonious restraint, possession of a controlled substance, and possession of drug paraphernalia. Shick appeals.

## II

[¶ 7] Shick argues the district court abused its discretion in denying his pretrial motion to suppress evidence and his motion for a mistrial. This Court previously laid out the standard of review of a district court's ruling on a motion for a mistrial:

> Motions for mistrial are within the broad discretion of the district court, and we will not reverse the court's decision on the motion unless there was a clear abuse of that discretion or a manifest injustice would result. A district court abuses its discretion when it misin-

terprets or misapplies the law, or when it acts in an arbitrary, unreasonable, or capricious manner. Generally, granting a mistrial is an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice.

*State v. Skarsgard*, 2007 ND 160, ¶ 16, 739 N.W.2d 786 (quotations omitted) (citations omitted).

[¶ 8] After the State rested, Shick moved for a mistrial based on the same arguments he made in his pretrial motion to suppress; however, Shick failed to renew his objection at the time the evidence was offered during trial.

We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. Under N.D.R.Ev. 103(a)(1), error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernable. A failure to object at trial acts as a waiver of the claim of error.

*State v. Brewer*, 2017 ND 95, ¶ 4, 893 N.W.2d 184 (quoting *State v. Steen*, 2015 ND 66, ¶ 5, 860 N.W.2d 470). Here, each

time the State offered evidence obtained as a result of the search of Shick's pickup, Shick's attorney stated "no objection." It was not until the State asked Mees about Shick consenting to the search of his pickup that Shick's attorney objected to "that line of questioning." However, the district court had already admitted the evidence obtained as a result of the search of Shick's pickup after a response of "no objection" from Shick's attorney. Therefore, Shick waived any claim of error by failing to renew his objection at trial, and we decline to address Shick's arguments regarding the evidence obtained from the search of his pickup. *Brewer*, 2017 ND 95, ¶ 4, 893 N.W.2d 184.

### III

[¶ 9] Shick argues the district court abused its discretion in denying his motion for a judgment of acquittal under N.D.R.Crim.P. 29. This Court's review of a court's denial of a motion for judgment of acquittal is well-established:

Under N.D.R.Crim.P. 29(a), the district court is authorized, upon the defendant's motion, to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. To grant a motion for judgment of acquittal under N.D.R.Crim.P. 29, a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged. When considering a motion for judgment of acquittal, the trial court, upon reviewing the evidence most favorable to the prosecution, must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt. To successfully challenge the sufficiency of the evidence on appeal, the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt.

*State v. Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586 (quotations omitted) (citations omitted).

[¶ 10] Shick does not argue the State failed to show "the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586. Shick argued the State failed to meet its burden based on the contents of the complaint in support of his motion for a judgment of acquittal before the district court. However, on appeal, Shick argues the court abused its discretion by reserving its decision on his motion for a judgment of acquittal, and relying on "potential future information" when it denied his motion for a judgment of acquittal. Rule 29(b), N.D.R.Crim.P., states:

The court may reserve decision on the motion, proceed with the trial (when the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Here, the court did not reserve its decision on Shick's motion for a judgment of acquittal. The court denied Shick's motion when Shick first raised it at the close of the State's argument. The court ruled Volochanskiy's name was either surplusage under N.D.R.Crim.P. 7(d), or the State could amend the complaint at any time before the verdict or finding and remove Volochanskiy's name under N.D.R.Crim.P. 7(e). Under N.D.R.Crim.P. 7(e):

Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may

permit an information to be amended at any time before the verdict or finding. If the prosecuting attorney chooses not to pursue a charge contained in the initial information, a dismissal of that charge must be stated in the amended information.

[¶ 11] " 'This Court reviews a district court's decision to allow the State to amend the information under the abuse of discretion standard.' " *State v. Carlson,* 2016 ND 130, ¶ 6, 881 N.W.2d 649 (quoting *State v. Hammer,* 2010 ND 152, ¶ 26, 787 N.W.2d 716). "A district court abuses its discretion when it misinterprets or misapplies the law, or when it acts in an arbitrary, unreasonable, or capricious manner." *Skarsgard,* 2007 ND 160, ¶ 16, 739 N.W.2d 786 (citing *State v. Frohlich,* 2007 ND 45, ¶ 11, 729 N.W.2d 148).

[¶ 12] At the close of Shick's argument, the State moved to amend the information to strike Volochanskiy's name. The district court granted the motion. On appeal, Shick does not argue he was either prejudiced by the alleged amendment to the information, or that Seimears provided insufficient evidence to sustain the jury's verdict against him. Viewing the evidence in the light most favorable to the verdict, we conclude there is sufficient evidence to sustain the jury's verdict, and the court did not abuse its discretion denying Shick's motion for judgment of acquittal or by allowing the State to amend its complaint under N.D.R.Crim.P. 7(e).

IV

[¶ 13] We have considered the remaining issues and arguments raised by Shick and find them to be either unnecessary to our decision or without merit. We therefore affirm the district court's judgment.

[¶ 14] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner