# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 31

State of North Dakota,                                        Plaintiff and Appellee

v.

Mitchell Van Halsey,                                        Defendant and Appellant

## No. 20210090

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

David L. Rappenecker (argued) and Mindy L. Anderson (on brief), Assistant State's Attorneys, Bismarck, N.D., for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Mitchell Halsey appeals from a criminal judgment entered after a jury found him guilty of attempted contact by bodily fluids, preventing arrest, and possession of controlled substances. Halsey argues the district court erred by admitting evidence identifying the felony charge underlying the arrest warrant. We affirm.

I

[¶2]   In August of 2020, two law enforcement officers were dispatched to an outdoor food vendor in Bismarck after receiving reports of two intoxicated individuals passed out under a picnic table. Officer Mehrer, one of the responding officers, was able to immediately identify Halsey as one of the individuals because of his prior encounters with Halsey. Officer Mehrer checked Halsey's name with dispatch and learned there was a warrant for his arrest. While Halsey was being placed under arrest, methamphetamine was discovered in his pocket. Further, when Officer Mehrer placed Halsey into the patrol car, Halsey informed him that he had recently tested positive for Covid. Officer Mehrer began to place a facemask over Halsey's face, but during this process, Halsey coughed in Officer Mehrer's direction. Officer Mehrer then transported Halsey to the hospital to be medically cleared because Halsey was severely intoxicated.

[¶3]   After Halsey was medically cleared, he was taken back to Officer Mehrer's patrol car to be transported to the jail. Upon being placed back into the car, Halsey slid out onto the ground and refused to get back up. When Officer Mehrer told him to get up, Halsey responded, "F you. I'm not getting up." Officer Mehrer called for additional assistance after Halsey refused to comply. After a second officer arrived, they were able to lift him into the patrol car. He was ultimately charged with attempting contact by bodily fluids, preventing arrest, and possession of methamphetamine.

[¶4]   During his testimony at the jury trial, Officer Mehrer identified the underlying charge in the case that was the source of the warrant. After Officer Mehrer was asked whether he confirmed that Halsey had a valid warrant, Officer Mehrer responded, stating, "Yes. He had a valid — it was a confirmed warrant out of Burleigh County for aggravated assault." Defense counsel did not object. The State then authenticated and moved to admit the warrant, which described the charge as "Aggravated assault–Dangerous weapon." Defense counsel objected under N.D.R.Ev. 403 and 404(b). The court overruled the objection. The jury ultimately found Halsey guilty of all three charges.

## II

[¶5]   The State first argues Halsey failed to preserve the Rule 403 and 404(b) issues for appeal because he "failed to timely object to the first naming of the underlying charge during Officer Mehrer's testimony." We have long held "that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it." *State v. Thomas*, 2020 ND 30, ¶ 12, 938 N.W.2d 897. Rule 103(a), N.D.R.Ev., provides:

> (a) Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>     (1) if the ruling admits evidence, a party, on the record:
>         (A) timely objects or moves to strike; and
>         (B) states the specific ground, unless it was apparent from the context[.]

An objection must be made "at the time the alleged error occurs to allow the district court to take appropriate action to remedy any prejudice that may have resulted." *Westby v. Schmidt*, 2010 ND 44, ¶ 12, 779 N.W.2d 681.

[¶6]   While Halsey did not object immediately after Officer Mehrer mentioned the underlying charge contained within the arrest warrant, he did object moments later when the State offered the warrant into evidence.

> Q. Were you able to confirm whether Mr. Halsey had a valid warrant on August 5th?

A. Yes. He had a valid — it was a confirmed warrant out of Burleigh County for aggravated assault.

Q. Do you see what — a couple pieces of paper in front of you?

A. Yes, I do.

Q. Specifically, if you could just look real quick at what has been marked as State's Exhibit No. 1.

A. Okay.

Q. Do you recognize this document?

A. Yes, I do.

Q. Without going into too much detail, what is it?

A. It is a warrant out of Burleigh County.

MS. ANDERSON: Your honor, at this time I would move to admit State's Exhibit No. 1.

MR. LORAAS: Objection. Relevance under 401; unduly prejudicial under Rule 403; also, under 404(b), it's inadmissible.

[¶7]   This Court has repeatedly held that a party must object at the time the error occurs during trial to preserve an issue for appeal. In *State v. Hayek*, a party failed to object to a "nonresponsive portion of [a] witness's answer" during the witness's testimony. 2004 ND 211, ¶ 10, 689 N.W.2d 422. The party "did not notify the trial court of the error until two witnesses later." *Id*. This Court held that the defendant's failure to object to the testimony "when it occurred" constitutes a failure to preserve the error for review on appeal. *Id*. (citing *State v. Anderson*, 2003 ND 30, ¶ 7, 657 N.W.2d 245). An unpreserved error may be reviewed on appeal only for obvious error. *Anderson*, 2003 ND 30, ¶ 8 (citing N.D.R.Crim.P. 52(b)). Additionally, in *State v. Shick*, while the officer was on the stand, each time the State offered evidence obtained from a vehicle search, the defense attorney stated "no objection." 2017 ND 134, ¶ 8, 895 N.W.2d 773. However, when the officer began testifying about the evidence obtained during the search on re-direct, the defense counsel objected. *Id*. This Court held that the defendant failed to preserve the issue for appeal by failing to object to the evidence initially when the State offered it. *Id*.

[¶8]   Although this Court has yet to consider an objection that is delayed by mere moments, the Eighth Circuit has addressed a timeline similar to the one here. In *United States v. Adejumo*, counsel raised an objection "mere moments" after an exhibit was admitted and published to the jury. 772 F.3d 513, 523–24 (8th Cir. 2014). Because defense counsel "did not wait until the end of [the

3

witness's] testimony," there "was still ample opportunity for the judge to prevent further potential damage." *Id*. at 524. Thus, the issue was in fact preserved for appeal. *Id*.

[¶9] We conclude Halsey's objection was timely to preserve the issue for appeal. Halsey's objection was made moments after the first mention of the aggravated assault charge in the same series of questions to the same witness. Similar to *Adejumo*, Halsey's counsel raised the objection "mere moments" after Officer Mehrer mentioned the underlying charge for the first time. Because there was still "ample opportunity" for the court to provide a remedy, the timeliness requirement in Rule 103(a)(1)(A) was satisfied.

### III

[¶10] The State next argues that because Halsey failed to delineate the specific grounds for his objection at trial, this Court "should refuse to address his arguments for the first time on appeal." A party is required to make a specific objection "to evidence at the time it is offered for admission into evidence to give the opposing party an opportunity to argue the objection and attempt to cure the defective foundation, and to give the trial court an opportunity to fully understand the objection and appropriately rule on it." *May v. Sprynczynatyk*, 2005 ND 76, ¶ 26, 695 N.W.2d 196. This Court has "commented on the requirement in N.D.R.Ev. 103(a)(1) that a party state the specific ground of objection," stating:

> The rule does not state the precise form which objections to evidence should take. However, at a minimum, the objection should give the opponent the basis of what is objectionable and bring the matter to the trial court's attention so that the court can rule on the same.

*Id*.

[¶11] Halsey's objection at the trial was as follows:

> MR. LORAAS: Objection. Relevance under 401; unduly prejudicial under Rule 403; also, under 404(b), it's inadmissible.
> THE COURT: Under Rule 404?

4

MR. LORAAS: Yes, Your Honor.
THE COURT: Overruled. And I can explain that in further — the basis of that later. So you may answer the question.

[¶12] We conclude the grounds for Halsey's 403 and 404(b) objection were apparent from the context, alleviating the need to articulate more specific grounds for his objection. We hold that this objection indicating the specific evidence rules by number supporting the grounds for the objection was sufficient to satisfy the requirement in Rule 103(a)(1)(B).

IV

[¶13] We now turn to the merits of Halsey's argument that the district court erred in admitting the warrant and allowing testimony identifying the underlying charge described in the warrant. This Court reviews a court's evidentiary ruling for an abuse of discretion. *State v. Hirschkorn*, 2020 ND 268, ¶ 6, 952 N.W.2d 225. "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *State v. Polk*, 2020 ND 248, ¶ 10, 950 N.W.2d 764.

[¶14] Rule 404(b), N.D.R.Ev., governs the admissibility of evidence involving a prior crime, wrong, or other act. It provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The prosecutor must:
> > (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> > (B) do so before trial or during trial if the court, for good cause, excuses lack of pretrial notice.

"Rule 404(b) only excludes evidence of other acts and crimes committed by the defendant when they are *independent* of the charged crime, and do not fit into the rule's exceptions." *State v. Christensen*, 1997 ND 57, ¶ 8, 561 N.W.2d 631. Here, the aggravated assault charge that allegedly occurred on November 8, 2019, is independent of the crimes charged and thus falls within the scope of Rule 404(b).

[¶15] "To decide whether evidence of other crimes or bad acts is admissible, the district court must apply a three-step analysis:"

> 1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

*State v. Shaw*, 2016 ND 171, ¶ 8, 883 N.W.2d 889. Even if the prior bad acts evidence "satisfies the N.D.R.Ev. 404(b) three-step analysis, it is not automatically admissible." *State v. Alvarado*, 2008 ND 203, ¶ 19, 757 N.W.2d 570. The court must do a balancing test under N.D.R.Ev. 403 to "balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's" prior bad acts. *Shaw*, at ¶ 9. However, "[a] district court's error in admitting evidence under N.D.R.Ev. 404(b) is subject to review under N.D.R.Crim.P. 52." *Id*. at ¶ 6. Thus, a harmless error that "does not affect a defendant's substantial rights [] must be disregarded." *Id*. On the other hand, an obvious error that does affect a defendant's substantial rights "is grounds for reversal." *Id*.

[¶16] The court explained its rulings on the record for overruling Halsey's objection after the jury had been excused. Its findings were as follows:

> Under Rule 404 it was not used to prove the character of Mr. Halsey. It was offered for other purposes, such as, why he was arresting him for things such as that. And so I don't believe it was used as character evidence in any way. It wasn't to attack his credibility or show criminal history, and it didn't even identify the

6

> specific crime for which the warrant was for; so for that reason I do not find Rule 404 a grounds for objection.

The court appears to have considered the warrant and the testimony identifying the specific offense to be outside the scope of N.D.R.Ev. 404. However, the court also provided analysis consistent with determining whether the evidence was admissible under Rule 404(b). We conclude that whether or not the evidence was also offered for another purpose, it was "[e]vidence of a person's character" under Rule 404(a)(1) and its prohibited and permitted uses should be analyzed according to the three-step analysis our cases require for such character evidence.

[¶17] The district court did not complete a full three-step analysis before admitting the warrant identifying the underlying charge. Regarding the first step, the court did look to the purpose for which the warrant was being used. To prove the class C felony of preventing arrest under N.D.C.C. § 12.1-08-02(1), the State must prove the "intent to prevent a public servant from effecting an arrest of himself or another for a class A, B, or C felony." Thus, the court found that the State was not offering the aggravated assault charge contained in the warrant "to prove the character of Mr. Halsey." Instead, the court found it was being used "for other purposes" to prove an element of the offense of preventing arrest. Rule 404(b)(2) clearly states that prior bad acts evidence in a criminal case "may be admissible for another purpose" and then goes on to list several permissible purposes that bad acts evidence can be used to prove. The list is non-exhaustive. The federal courts have held that prior bad acts evidence used to establish an element of an offense is a permissible purpose under 404(b)(2). *See United States v. Bradford*, 905 F.3d 497, 506 (7th Cir. 2018) (holding that "[e]vidence that 'tend[s] to prove the elements of the offense' does not violate Rule 404(b)"). Thus, the court satisfied the first step in the three-part analysis in considering whether Halsey's prior bad acts evidence is admissible.

[¶18] Regarding the second step, the record does not indicate the court considered whether the warrant was "substantially reliable or clear and convincing." However, as the State correctly asserts in its brief, the warrant containing the prior bad acts evidence is a certified copy of a court document in which the court has already made a probable cause determination. Despite

7

the court's failure to make a specific record regarding the second step in the required analysis, we conclude that the prior bad acts evidence contained within the warrant and mentioned during Officer Mehrer's testimony was "substantially reliable." Regarding the third prong, this Court has "recognized that the final step in the three-pronged analysis usually may be satisfied with a cautionary instruction about the admissibility of the evidence for a limited purpose." *State v. Aabrekke*, 2011 ND 131, ¶ 10, 800 N.W.2d 284. Here, the court failed to give a cautionary instruction to the jury about the underlying crime's limited use. Thus, the court failed to satisfy the final step of the three-step analysis.

[¶19] Additionally, the court must do a balancing test under N.D.R.Ev. 403 after completing the three-part analysis to "balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's" prior bad acts. *Shaw*, 2016 ND 171, ¶ 9. The court did complete a balancing test in considering whether the probative value of the warrant and its underlying crime was substantially outweighed by a danger of unfair prejudice. The court found the warrant "extremely relevant" as it "is one of the elements" in preventing arrest and it "is not unfairly prejudicial" to Halsey.

[¶20] This Court has previously found harmless error in a court's failure to engage in the required three-step analysis and balancing in determining whether the bad acts evidence is admissible. *See State v. Dieterle*, 2013 ND 130, ¶ 12, 833 N.W.2d 473; *State v. Trout*, 2008 ND 200, ¶¶ 8, 11, 757 N.W.2d 556; *State v. Stewart*, 2006 ND 39, ¶ 17, 710 N.W.2d 403; *State v. Thompson*, 552 N.W.2d 386, 390 (N.D. 1996). "Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." N.D.R.Crim.P 52(a). We reverse a conviction only when an error was "so prejudicial that substantial injury occurred and absent the error a different decision would have resulted." *Dieterle*, at ¶ 12.

[¶21] Even when the district court errs by failing to make a record of the Rule 404(b) three-step analysis and Rule 403 balancing test, the error may be harmless if there is sufficient evidence to support the conviction independent from the prior bad acts evidence. *See Dieterle*, 2013 ND 130, ¶¶ 11–13. Because

8

ample evidence existed to support the jury's verdict independent of the evidence of the prior bad acts, the court's failure to make a record showing it engaged in the required three-step analysis and balancing was harmless. *Id.* at ¶ 13. Similar to *Dieterle*, the State presented ample evidence that Halsey intentionally coughed towards Officer Mehrer, that he prevented his arrest for a felony by dropping to the ground and refusing to get back up, and that he had methamphetamine in his possession. Furthermore, unlike *Dieterle*, in which the court failed to make any sort of record showing it engaged in the three-part analysis, the court here did make a record showing its analysis in two of the steps and also did the balancing test contained in Rule 403. 2013 ND 130, ¶ 11. Thus, we conclude the court's failure to complete the third step in the required analysis was harmless error because a different decision would not have resulted if the underlying charge had not been mentioned during Officer Mehrer's testimony or had been redacted in the warrant.

[¶22] Lastly, there is a dispute about whether the State gave "reasonable notice" of its intent to offer 404(b) evidence. While the State did file the warrant as a proposed exhibit with the court the day before the trial, Halsey argues that the State never provided notice of its intent to offer prior bad act testimony. A State's failure to provide specific notice of its intent to use bad acts evidence does not necessarily require reversal of a criminal conviction. In *Thompson*, we held that even though the State did not give advance notice of the 404(b) evidence mentioned at trial, it was a harmless error because the prior bad act "was only briefly mentioned twice during the trial." 552 N.W.2d at 390. The prejudicial effect of the 404(b) evidence was "slight" and a "different decision would [not] have resulted without the brief references" to the prior bad act. *Id.* Further, in *Stewart*, we held that "[a]lthough the State failed to satisfy the Rule 404(b) notice requirement," the error was harmless because there was "ample evidence" to support the conviction independent of the prior bad acts evidence. 2006 ND 39, ¶ 17. Similarly to *Thompson*, Officer Mehrer only briefly mentioned the underlying charge contained within the arrest warrant once. Additionally, Halsey did not make a request to the court at trial to redact the underlying charge from the warrant. Thus, the error was harmless because a different decision would not have resulted without the brief

reference to the underlying charge in Officer Mehrer's testimony or had the aggravated assault offense been redacted from the warrant.

[¶23] *Old Chief v. United States*, 519 U.S. 172 (1997) illustrates the limits of our decision here. In *Old Chief*, the Court analyzed whether the district court abused its discretion by admitting the defendant's prior criminal judgment containing the name and nature of his prior felony offense for the sole purpose of proving the defendant's felon status, an element of a felon-in-possession of a firearm offense. Concerned about the prejudicial effect from a jury learning the nature of an earlier felony crime committed by the defendant, the Court created an exception to the "standard rule that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id*. at 186–87. The Court held that when a defendant's felon status is an element of the offense and he offers to stipulate to that fact, any probative value his prior conviction would serve is lost, leaving only a substantial risk of unfair prejudice. *Id*. at 191–92. Because the name and nature of Old Chief's prior conviction was not necessary to prove felon status, the details of his prior felony conviction were irrelevant and unnecessary for the jury to hear. *Id*. Therefore, it was an abuse of discretion for the court to refuse the defendant's stipulation that would have avoided the prosecution admitting the prior judgment that named the type of felony and the nature of the crime. *Id*.

[¶24] The State was required to prove only that Halsey was preventing arrest for a class A, B, or C felony. Although *Old Chief* dealt with a felon-in-possession of a firearm charge, the same concerns are applicable here. The fact that Halsey was resisting arrest on a warrant relating to a felony aggravated assault was not necessary to prove the felony element of the charged offense. This specific felony, in the context of a resisting arrest charge, is inherently prejudicial. However, Halsey did not offer to stipulate to this fact to prevent the State from admitting the warrant containing the underlying felony charge. We are aware of no cases in which the Supreme Court has determined whether its concerns about the jury hearing the name and nature of a prior felony conviction in proving a defendant's felon status is applicable in a context where

a stipulation has not been offered. Therefore, we conclude that without a stipulation, the court did not abuse its discretion in allowing the name and nature of Halsey's felony charge to be admitted into evidence to prove an element of the offense of preventing arrest.

V

[¶25] The criminal judgment is affirmed.

[¶26] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte