# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 48

State of North Dakota,                                           Plaintiff and Appellee

     v.

Delon Evan Davis,                                            Defendant and Appellant

### No. 20250311

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Tiffany M. Sorgen, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant; on brief.

**Tufte, Justice.**

[¶1]   Delon Davis appeals from a criminal judgment entered after a jury convicted him of murder, tampering with evidence, unlawful possession of a firearm, and giving false information to law enforcement. On appeal, Davis argues the district court violated N.D.R.Crim.P. 7(e) when it allowed the amendment to Count 3 of the criminal information. He also argues the court committed obvious error by admitting prejudicial testimony about his prior conviction and probation status in violation of N.D.R.Ev. 403. We affirm the judgment.

I

[¶2]   Mark Ramon McMillan was shot and killed in the basement of a barbershop in Minot, North Dakota. McMillan had been living in one of several rooms in the basement. Davis managed the shop and was also staying in the basement. The Minot Police Department received a missing person report for McMillan several days after the shooting.

[¶3]   During the investigation into McMillan's disappearance, police executed a search warrant at the barbershop. While the search was being conducted, Davis was taken into custody on an unrelated warrant. In the boiler room, officers discovered a body wrapped in a deflated air mattress and bound with duct tape. An autopsy determined the cause of death was two gunshot wounds to the torso. After being informed of the discovery, Davis told investigators the body was McMillan's and claimed he had shot McMillan in self-defense.

[¶4]   The prosecution filed a criminal information charging Davis with four counts, including Count 3: Theft of Property—Firearm. In contemplation of a plea agreement, the prosecution moved to amend Count 3 to Unlawful Possession of a Firearm by a Felon. The district court granted the unopposed motion and the prosecution filed an amended information. Two days later, at a change of plea hearing, the court rejected the proposed plea agreement. The amended information remained unchanged after the court's rejection of the

proposed plea agreement. The court held a preliminary hearing on amended Count 3. Davis entered a plea of not guilty and indicated he wanted to proceed to trial.

[¶5] At trial, the prosecution introduced evidence that Davis had been convicted of a felony and that his probation supervision had terminated on February 3, 2020—less than five years before the shooting—to prove the elements of amended Count 3. The jury returned guilty verdicts on all counts. Davis timely appealed.

## II

[¶6] Davis argues the district court erred by allowing the prosecution to amend Count 3 of the criminal information contrary to the requirements of N.D.R.Crim.P. 7(e). Although amendment of an information to charge a different offense may constitute a misapplication of N.D.R.Crim.P. 7(e), *State v. Pemberton*, 2019 ND 157, ¶ 14, 930 N.W.2d 125, Davis did not object to the amendment or otherwise preserve the issue for appeal. An unpreserved error may be reviewed on appeal only for obvious error. *State v. Van Halsey*, 2022 ND 31, ¶ 7, 970 N.W.2d 227; *see also* N.D.R.Crim.P. 52(b). This Court may decline to consider an argument under obvious error review unless the appellant argues the issue under that standard of review in the briefs. *State v. Roller*, 2024 ND 180, ¶ 20, 11 N.W.3d 864; *Jung v. State*, 2024 ND 94, ¶ 8, 6 N.W.3d 853. Davis did not brief this issue under the obvious error standard of review. We therefore decline to address it.

## III

[¶7] Davis argues that the district court committed obvious error by admitting evidence of his prior conviction and probation status. He contends that the introduction of this evidence violated evidentiary principles established by the United States Supreme Court in *Old Chief v. United States*, 519 U.S. 172 (1997). Davis asserts that the admission created a significant risk the jury would convict on the basis of his propensity to commit crimes rather than the specific allegations in the current case.

2

[¶8]   In response, the prosecution argues that it introduced only the limited information about Davis's prior conviction and probation status necessary to prove the elements of amended Count 3. The prosecution contends that Davis misinterprets *Old Chief* because the holding applies only when a defendant stipulates to the fact of a prior conviction, and here there was no stipulation. Moreover, the basic fact that Davis was previously convicted of a felony does not fully satisfy the elements of amended Count 3; the prosecution also had to prove when Davis's probation terminated.

[¶9]   Because Davis did not object at trial to preserve the issue for appeal, he argues this claim under the obvious error standard. Under that standard, Davis must demonstrate: (1) error; (2) that is plain; and (3) that affects substantial rights. *State v. Kennedy*, 2025 ND 130, ¶ 7, 23 N.W.3d 878. If the district court did not commit error, then an obvious error claim fails at step one. *State v. Aune*, 2021 ND 7, ¶ 14, 953 N.W.2d 601.

[¶10] "This Court reviews a court's evidentiary ruling for an abuse of discretion." *Van Halsey*, 2022 ND 31, ¶ 13. In *Van Halsey*, this Court held that the rule limiting evidence of prior convictions applies when the defendant stipulates to the prior conviction. *Id*. ¶¶ 23-24 (interpreting *Old Chief v. United States*, 519 U.S. 172 (1997)). When a defendant stipulates to a prior conviction, introducing additional evidence concerning the conviction lacks any probative value and necessarily fails the Rule 403 balancing test of probative value versus prejudicial effect. *Van Halsey*, 2022 ND 31, ¶ 23. In the absence of such a stipulation, however, a court does not abuse its discretion by allowing admission of evidence that the defendant has been convicted of a felony. *Id.* ¶ 24; *see also Kennedy*, 2025 ND 130, ¶¶ 16-19 (holding that reviewing court may consider the nature, context, and purpose of evidence when determining abuse of discretion).

[¶11] Here, the parties did not stipulate to Davis's prior conviction. Evidence about his prior conviction was relevant and probative because it was an element of the offense charged in amended Count 3. Under N.D.C.C. § 62.1-02-01(1)(b), the prosecution was required to prove Davis was a "person who has been convicted anywhere of a felony . . . and the offense was committed . . . [within] five years after the date of conviction or the date of release from incarceration,

parole, or probation, whichever is latest." Davis's prior felony conviction and the termination of his supervised probation less than five years before the shooting were essential elements the prosecution had to prove beyond a reasonable doubt.

[¶12] The evidence included only the minimum information necessary to prove the elements beyond a reasonable doubt. At trial, Kayla Haugeberg testified without objection that Davis had been convicted of a felony and that his probation supervision terminated on February 3, 2020. This information was necessary to establish that Davis possessed a firearm within five years of his release from felony probation. The court did not abuse its discretion in admitting the testimony. *See Kennedy*, 2025 ND 130, ¶ 18. Because the district court did not abuse its discretion in admitting this evidence, there was no error, and Davis's obvious error claim fails.

IV

[¶13] We decline to review Davis's Rule 7(e) claim because he did not preserve the issue for appeal or brief obvious error review. We affirm the district court's admission of prior conviction evidence because the court did not abuse its discretion. We affirm the judgment.

[¶14] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr